**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2748
_____

EVERTON BARTLEY,
Appellant

v.

STATE OF NEW JERSEY; COLONEL JUSTIN J. DINTINO, Superintendent of the
State Police; COLONEL JOSEPH FUENTES, Superintendent of the State Police;
TROOPERS JOHN DOES 1-3; MIDDLESEX COUNTY NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:18-cv-16283)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2022
Before: GREENAWAY, JR., PORTER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 20, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Everton Bartley appeals from the District Court's judgment dismissing his complaint for failure to state a claim upon which relief may be granted. For the reasons that follow, we will affirm the District Court's judgment.

In 1992, State Police officers pulled Bartley over while he was driving on the New Jersey Turnpike. Although the officers' ensuing search uncovered no illegal substances in his car, the officers contended that Bartley was travelling with another individual in a separate car, whom officers had also stopped. After a search of that car, officers recovered narcotics and charged Bartley with possession with intent to distribute drugs and other offenses. He ultimately pleaded guilty to the possession with intent to distribute charge and was sentenced to a term of five years in prison. Years later, on a motion of the Attorney General of New Jersey in 2016, a state judge vacated the judgment of conviction and dismissed the indictment because of colorable racial-profiling concerns. The Attorney General filed its motion after confirming that State Police had arrested Bartley at a time during which State Police officers were found to have engaged in racial profiling during traffic stops.

Bartley filed a lawsuit in 2018 against the State of New Jersey, Middlesex County, New Jersey, and various employees of the New Jersey State Police, raising claims that his traffic stop, arrest, and imprisonment violated his Constitutional rights to due process and to be free from illegal stops and seizures. The District Court granted his motion to proceed in forma pauperis, filed the complaint, and screened it under 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Court dismissed the lawsuit without prejudice for failure to state a claim because Bartley failed to make viable allegations with respect to some

2

claims, and many claims were time-barred under New Jersey's statute of limitations. Bartley filed an amended complaint, adding the Attorney General of New Jersey as a defendant. In an order entered on August 31, 2021, the District Court dismissed that too, for largely the same reasons as the first (and adding that some named defendants were immune from suit), but it once again made the dismissal without prejudice to allow Bartley the chance to cure the defects. However, the order provided that if Bartley did not file a second amended complaint within thirty days, the dismissal without prejudice would automatically become a dismissal with prejudice, without any further action by the District Court.[1] Bartley did not file a second amended complaint, but filed this timely appeal.[2]

In his brief Bartley lists the issues on appeal but provides no related argument explaining how the District Court erred. Rather, Bartley incorporates by reference the legal arguments he made in the District Court by attaching the amended complaint to his appellate brief. But "it is well settled that a passing reference to an issue will not suffice

---

[1] Because the District Court's August 31 order was self-executing, it became final and thus appealable when the 30-day period expired. See Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019) (explaining that "a 'self-effectuating' order is one that directs a party to take some action to cure a defective complaint by a defined date and provides express notice that it will then automatically produce a final order of dismissal when the time to amend runs out").

[2] We exercise plenary review of the district court's sua sponte dismissal of the complaint pursuant to section 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). A district court may sua sponte dismiss a complaint on statute of limitations grounds where the time-bar is clear on the face of the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

to bring that issue before this court." Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) (internal quotation marks omitted). Further, we have held that incorporating arguments in an appellate brief by reference to a district court document does not properly bring the arguments before the Court. See United States v. Gonzalez, 905 F.3d 165, 206 n.18 (3d Cir. 2018) (incorporation by reference to district court documents does not properly raise arguments before the court, and the issues are forfeited). While we liberally construe a pro se litigant's pleadings, see Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020), Bartley cannot avoid application of these rules altogether, and he has failed to preserve issues for review on appeal. Even if that were not the case, we would affirm their dismissal for the reasons provided by the District Court.[3]

---

[3] We agree with the District Court that Bartley's claims under section 1983—including what the District Court construed as unlawful search and seizure, false arrest and/or imprisonment, and selective enforcement claims—are all barred under New Jersey's two-year statute of limitations for personal injury torts, because the claims accrued and the statute of limitations began to run more than twenty years earlier. See N.J. Stat. Ann. § 2A:14-2; see also Estate of Lagano v. Bergen Cty. Prosecutor's Off., 769 F.3d 850, 860-61 (3d Cir. 2014) (claims for illegal search accrues when plaintiff knew or should have known about the search and seizure); Wallace v. Kato, 549 U.S. 384, 389-91 (2007) (statute of limitations for a false arrest or false imprisonment claim begins to run when a litigant is detained pursuant to legal process); Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010) (claim for selective enforcement accrues at the time "the wrongful act resulting in damages occurs"). The same statute of limitations applies to his conspiracy claim under § 1985. See Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989). Nowhere does Bartley argue that the statute of limitations should be tolled for any reason. We likewise concur in the District Court's conclusion that the State of New Jersey, the County, and the state actors in their official capacities are immune from suit under the Eleventh Amendment. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997) (stating that the Eleventh Amendment applies to "not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities"). We also agree that Bartley failed to plead sufficient facts of supervisory liability that would show that the individually named defendants personally played a role in the harm that Bartley suffered. See Rode v. Dellarciprete, 845 F.2d

4

Based on the foregoing, we will affirm the District Court's judgment.

---

1195, 1207 (3d Cir. 1988) (explaining that supervisory liability only attaches in a civil rights action if the defendant had "personal involvement in the alleged wrongs").